**HYDE & SWIGART, APC**
David J. McGlothlin, Esq. (SBN: 306499)
david@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*
Anthony Barbano

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| ANTHONY BARBANO, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> JP MORGAN CHASE BANK, N.A., <br><br> Defendant. | **Case No.:** 5:19-cv-01218 <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT, 12 U.S.C. 2601 *et. seq.*** <br><br> **JURY TRIAL DEMANDED** |

Anthony Barbano ("Plaintiff"), brings this Class action complaint on behalf of himself individually and all others similarly situated, by and through their attorneys, against Defendant JP Morgan Chase Bank, N.A.., ("Chase" or "Defendant") and alleges upon information and belief as follows:

## INTRODUCTION

1. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

2. While many violations are described below with specificity, this Complaint alleges violations of each statute cited in its entirety.

3. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant.

4. Congress found "that significant reforms in the real estate settlement process are needed to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C. § 2601. To address this finding, Congress passed the Real Estate Settlement Procedures Act, 12 U.S.C. 2601 *et. seq.*, ("RESPA") in 1974.

5. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulation. 12 U.S.C. § 2617.

6. Under RESPA and Regulation X, loan servicers, including Defendants, must provide borrowers with specific account information available to them in the regular course of business upon receiving a Qualified Written Request ("QWR") or a Request for Information ("RFI") from the borrower. 12 U.S.C. § 2605(e)(1)(A); 12 C.F.R §§ 1024.35(a).

7. A servicer must respond within 30 days to a QWR for information or an RFI in one of two ways: (1) provide the requested information, or (2) conduct a "reasonable search" for the requested information and provide the borrower with a written notification explaining the basis for the servicer's determination that the requested information is "not available." 12 C.F.R. § 1024.35(d)(1)(i) – (ii).

8. In its official commentary to Regulation X, the CFPB outlines what constitutes "not available." Information is "not available" if: "[(1.)] The information is not in the servicer's control or possession, or [(2.)] The information cannot be retrieved in the ordinary course of business through reasonable efforts." 12 C.F.R. § 1024, Supp. I, ¶ 36(d)(1)(ii).

9. As an example of "available" information, the CFPB provides the following in its official commentary to Regulation X:

> A borrower requests **a copy of a telephonic communication with a servicer.** The servicer's personnel have access in the ordinary course of business to **audio recording files** with organized recordings or transcripts of borrower telephone calls and can identify the communication referred to by the borrower through reasonable business efforts. **The information requested by the borrower is available to the servicer.**

12 C.F.R. § 1024, Supp. I, ¶ 36(d)(1)(ii) (bold face added).

10. Defendant has neglected to fulfill its duty to provide information available to it in the regular course of business to Plaintiff upon receipt of Plaintiff's QWR and RFI.

CLASS ACTION COMPLAINT
3 of 29

11. As alleged in greater detail below, Defendant has demonstrated a "pattern or practice" of failing to adequately respond to borrowers' requests for account information, which makes Defendant liable for statutory damages in an amount up to $2,000 for each failure to adequately respond. 12 U.S.C § 2605(f).

12. Notwithstanding this glaring failure to abide by its statutory duty, and despite Plaintiff informing Defendant of its failure, Defendant continues to incorrectly characterize Plaintiff's and other borrowers' reasonable requests for account information as "overbroad and unduly burdensome."

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the action arises out violations RESPA, a federal law.

14. This Court has personal jurisdiction over Defendant because Defendant conducts business in California and maintains sufficient contacts with the state.

15. Venue is appropriate in the United States District Court for the Central District, Eastern Division of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff Barbano resides in Riverside County, California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all relevant times.

## PARTIES

16. Mr. Barbano is a resident and citizen of Riverside County in the State of California.

17. On information and belief, Defendant's principal place of business and headquarters located in New York, New York.

//
//
//

# FACTUAL ALLEGATIONS

18. Plaintiff incorporates by reference all the above paragraphs of this complaint as if fully stated herein.

19. On January 7, 2019, Plaintiff sent Chase a Notice of Error and Request for Information pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), and Regulation X, 12 C.F.R. §§ 1024.35, 1024.36.

20. In this letter, Plaintiff disputed the amount of the debt owed, and asked for several documents associated with their account, including, "A copy of any and all recordings of [Plaintiff] or any other person concerning [Plaintiff's] account."

21. On or about March 5, 2019, Plaintiff received a response to their request from Chase dated February 22, 2019.

22. In this response, Chase failed to provide any of the requested recordings.

23. On March 18, 2019, Plaintiff's counsel sent a meet and confer letter to Chase, again requesting the recordings.

24. In response to the March 18, 2019 meet and confer letter, Chase sent letters dated April 4, 2019, in which Chase stated, "Thank you for contacting us about your mortgage account. We need to receive a subpoena to release the call recordings to you."

25. Plaintiff's counsel attempted to meet and confer again, sending a letter on April 30, 2019, citing to Chase the applicable statutes, CFPB interpretations, and even case law directly on point, and again requested that the recordings be produced.

26. On or about May 21, 2019, Chase again responded without providing the requested recordings, stating:

> "We received your recent inquiry about a possible error with the mortgage loans listed in the attachment to your letter and have completed our review. We confirmed that there hasn't been any error with any of the loans because:

> As stated in our previous responses, we are unable to provide call recordings as requested. Your current request is overbroad and unduly burdensome and under Regulation X. [sic] We are not required to provide any information that is overbroad or unduly burdensome.
>
> If you'd like is to send you copies of the documents we used to confirm this, please mail a written request to: Chase…"

27. Plaintiff's counsel subsequently sent the written request for the documents used by Chase to confirm this, but as of the date of the filing of this lawsuit, no further documents have been received.

28. Plaintiff is informed and believes that Chase received at least 65 additional similar requests in the month of January 2019.

29. In response to each and every request for recordings, Chase gave the same uniform responses first claiming that a subpoena was needed to release the recordings, and then in response to subsequent requests claimed the request was overly broad and unduly burdensome.

30. Plaintiff is informed and believes and hereupon alleges that Chase has refused to produce recordings for possibly hundreds if not thousands of consumers that have requested them.

31. Plaintiff is informed and believes and hereupon alleges that Chase has the ability to easily produce the requested recordings through reasonable business efforts.

32. Plaintiff is informed and believes and hereupon alleges that Chase did not individually review each account to determine if each consumer's request was unduly burdensome and/or overly broad.

33. Plaintiff is informed and believes that several of the individuals that requested recordings from Chase only had a handful of conversations with Chase, therefore the production of the recordings was neither overly broad, nor burdensome in any way.

34. Chase's uniform responses, first by trying to require a subpoena when a subpoena is not required under RESPA and then Chase's uniform response that the requests were unduly burdensome and overly broad shows a pattern and practice of non-compliance with RESPA.

35. Furthermore, at least three requests were made by Plaintiff for the recordings in question and Chase failed to produce the recordings in response to each request which further illustrates Chase's pattern and practice of non-compliance.

## CHOICE OF LAW

36. The State of California has sufficient interest in the conduct at issue in this complaint, such that California law may be uniformly applied to the claims of the proposed Class.

37. Defendant does substantial business in California, and a significant portion of the proposed Class are located in California. Moreover, Defendant avails itself to these California citizens by soliciting directly to them.

38. The State of California also has the greatest interest in applying its law to Class members' claims. California's governmental interests include not only compensating resident consumers under its consumer protection laws, but also what the State has characterized as a "compelling" interest in using its laws to preserve a business climate free of unfair and deceptive practices. *Diamond Multimedia Sys. v. Sup. Ct.*, 19 Cal. 4th 1036, 1064 (1999).

39. If other states' laws were applied to Class members' claims, California's interest in discouraging resident corporations from engaging in the sort of unfair and deceptive practices alleged in this complaint would be significantly impaired.

California could not effectively regulate a company like Defendant, which does business throughout the United States, if it can only ensure remuneration for consumers from one of the 50 states affected by conduct that runs afoul of its laws.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action on behalf of himself individually and on behalf of all others similarly situated, pursuant to Federal Rule Civil Procedure 23(b)(1), (b)(2) and/or (b)(3).

41. The putative Class ("the Class") that Plaintiff seeks to represent is composed of:

> All persons within the United States who have or have had a mortgage loan with Defendant and who within three years from the filing of this Complaint have requested copies of audio recordings or transcripts of phone calls between themselves and Defendant pursuant to 12 U.S.C. § 2605(e)(1)(A) and 12. C.F.R. § 1024.36 and who have subsequently been denied access to those audio recordings by Defendant.
> .

42. Excluded from the Class are any of Defendants' officers, directors, employees, affiliates, legal representatives, attorneys, heirs, and assigns, and any entity in which Defendants have a controlling interest. Judicial officers presiding over this case, its staff, and immediate family members, are also excluded from the Class.

43. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of the Class members is unknown to Plaintiff at this time, such information can be ascertained through discovery from records maintained by Defendants.

44. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are

typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

45. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class and Subclass are:

   a) Whether Defendant failed to provide audio recordings of telephone calls between Defendant and Class members as required under RESPA;
   b) Whether Defendant failed to conduct a "reasonable investigation" as required pursuant to 12 C.F.R. § 1024.35(d)(1)(i) – (ii);
   c) Whether Plaintiff and the Class are entitled to damages under 12 U.S.C § 2605(f); and
   d) Whether Defendant demonstrates a "pattern or practice" of failing to respond to borrowers' QWRs and RFIs.
   e) Whether Defendant's conduct violates 12 U.S.C. 2601 *et. seq.*; and
   f) Whether Plaintiff and the putative Class and Subclass members are entitled to injunctive relief as sought herein.

46. Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, requested audio recordings or transcripts of telephone calls between Plaintiff and Defendant, and Defendant refused to provide them.

47. Plaintiff will fairly and adequately protect the interests of the Class and Subclass. Moreover, Plaintiff has no interest that is contrary to or in conflict with those of the Class he seeks to represent during the Class and Subclass Period.

48. In addition, Plaintiff has retained competent counsel experienced in Class and Subclass action litigation to further ensure such protection and intend to prosecute this action vigorously.

49. The prosecution of separate actions by individual members of the Class and would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the Defendant in the State of California and would lead to repetitious trials of the numerous common questions of fact and law in the State of California. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a Class and Subclass action. As a result, a Class and Subclass action is superior to other available methods for the fair and efficient adjudication of this controversy.

50. Proper and sufficient notice of this action may be provided to the Class members through direct mail and email.

51. Moreover, the Class members' individual damages are insufficient to justify the cost of litigation, so that in the absence of Class and Subclass treatment, Defendant's violations of law inflicting substantial damages in the aggregate would not be remedied without certification of the Class.

52. Absent certification of this action as a Class action, Plaintiffs and the members of the Class will continue to be damaged by the unauthorized release of their individual identifiable medical information.

## CAUSE OF ACTION

**Violations of Real Estate Settlement Procedures Act, 12 U.S.C. 2601 *et. seq.***

53. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Plaintiff's loan with Defendant were at all times relevant a "federally related mortgage loan" as defined by 12 U.S.C. 2602(1).

55. Defendant is, and was at all times, a loan "servicer" as defined by 12 C.F.R. § 1024.3.

56. Both Plaintiff and Defendant are "persons" as defined by 12 U.S.C. § 2602(5).

57. A failure to follow regulations promulgated by the CFPB in Regulation X is *per se* a violation of RESPA. 12 U.S.C. § 2605(k).

58. Plaintiff's request for audio recordings was both a QWR pursuant to 12 U.S.C. § 2605(e)(1)(A) and an RFI pursuant 12 C.F.R. 1024.36.

59. Audio recordings and transcripts of phone calls with borrowers are information "available in the regular course of business" to Defendant. *See* 12 C.F.R. § 1024, Supp. I, ¶ 36(d)(1)(ii).

60. Defendant failed to provide Plaintiff with requested information available to Defendant in the ordinary course of business. Consequently, Defendant violated 12 U.S.C. § 2605(e), 12 U.S.C. § 2605(k) and 12 C.F.R. 1024.36.

61. Defendant further violated 12 U.S.C. § 2605(e), 12 U.S.C. § 2605(k), and 12 C.F.R. 1024.36 by failing to adequately investigate and respond to Plaintiff's request.

62. Plaintiff knows of at least 67 other similarly-situated borrowers who have requested audio recordings or transcripts of telephone calls between themselves and Defendant only to be likewise denied access to that information by Defendant. This is sufficient to demonstrate a "pattern or practice" under RESPA. As such, Defendant is liable for statutory damages in an amount of up to $2,000 per violation pursuant to 12 U.S.C § 2605(f).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class the following relief against Defendant:

- That the Court determine this action may be maintained as a Class Action by certifying this case as a Class Action as to the Class;
- That the Court appoint Plaintiff to serve as the Class Representatives in this matter and appoint Plaintiffs' Counsel as Class Counsel;

- That Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the statutes and laws asserted herein;
- That Plaintiff and the Class be awarded injunctive relief prohibiting such conduct in the future;

**Violations of Real Estate Settlement Procedures Act, 12 U.S.C. 2601 *et. seq*.**

- Injunctive relief prohibiting such conduct in the future.
- Injunctive relief ordering Defendant to release audio recordings and transcripts of telephone calls to Plaintiff and Class members.
- Statutory damages in an amount of $2,000 per violation to each of the named Plaintiffs individually and to each member of the Class pursuant to 12 U.S.C. 2605(f).
- An award of actual damages according to proof per violation to each of the named Plaintiffs individually and to each member of the Class pursuant to 12 U.S.C. 2605(f);
- Attorneys' fees and costs; and
- Any and all further relief that this Court deems just and proper.

## TRIAL BY JURY

63. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

Dated: July 1, 2019                                **Hyde & Swigart, APC**

By: *s/ David McGlothlin*
David J. McGlothlin, Esq.
david@westcoastlitigation.com
*Attorneys for Plaintiff*